UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────────X
THE ANNUITY, PENSION, WELFARE, TRAINING AND
LABOR MANAGEMENT COOPERATION TRUST FUNDS
OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, BY THEIR TRUSTEES
EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN
CRONIN, JOSEPH BYRNE, KENNETH KLEMENS, JR., JOHN        **COMPLAINT**
F. O'HARE, WILLIAM TYSON and MICHAEL SALGO,
and INTERNATIONAL UNION OF OPERATING ENGINEERS         CV-20-00615
LOCAL 14-14B, AFL-CIO, BY ITS BUSINESS MANAGER
EDWIN L. CHRISTIAN,

                                      Plaintiffs,

      -against-

PADILLA CONSTRUCTION SERVICES, INC.,

                                      Defendant.
─────────────────────────────────────────────X

      Plaintiffs THE ANNUITY, PENSION, WELFARE, TRAINING and LABOR MANAGEMENT COOPERATION TRUST FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14 TRUST FUNDS") and Plaintiff INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14"), by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

      1.    This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("LMRA") to recover annuity, voluntary annuity, pension, welfare, training and labor management cooperation trust fund

contributions along with dues assessment and defense fund payments from Defendant PADILLA CONSTRUCTION SERVICES, INC. ("PADILLA CONSTRUCTION").

## JURISDICTION & VENUE

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, Plaintiffs are all administered from offices located at 159-18 Northern Boulevard in Flushing, County of Queens, State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 14 TRUST FUNDS are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.

5. EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN, JOSEPH BYRNE, KENNETH KLEMENS, JR., JOHN F. O'HARE, WILLIAM TYSON and MICHAEL SALGO are Trustees of the LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN, JOSEPH BYRNE, KENNETH KLEMENS, JR., JOHN F. O'HARE, WILLIAM TYSON and MICHAEL SALGO are Trustees of the LOCAL 14 LABOR MANAGEMENT COOPERATION TRUST FUND and are "fiduciaries" within the meaning of Section 501 of the

Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 501 and the common law of trusts.

7. The LOCAL 14 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

8. The LOCAL 14 WELFARE and TRAINING FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical and skill improvement benefits to eligible participants.

9. Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

10. Plaintiff LOCAL 14 LABOR MANAGEMENT COOPERATION TRUST FUND is a labor management cooperation trust fund as defined under the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 186(c)(9) and Section 501(c)(5) of the Internal Revenue Code.

11. Plaintiff LOCAL 14 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152.

12. EDWIN L. CHRISTIAN is the Business Manager and chief executive officer of Plaintiff LOCAL 14.

13. Upon information and belief, Defendant PADILLA CONSTRUCTION was and still is a New York corporation with its principal place of business located at 299 Main Street, Westbury, New York.

14. Upon information and belief, Defendant PADILLA CONSTRUCTION was and still is a foreign corporation duly licensed to do business in the State of New York.

15. Upon information and belief, Defendant PADILLA CONSTRUCTION was and still is a foreign corporation doing business in the State of New York.

16. Upon information and belief, Defendant PADILLA CONSTRUCTION is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND INFORMATION

17. At all times relevant hereto, Plaintiff LOCAL 14 and Defendant PADILLA CONSTRUCTION have been parties to a collective bargaining agreement and Defendant PADILLA CONSTRUCTION agreed to be bound by the terms and conditions thereof (hereafter referred to as the "Collective Bargaining Agreement").

18. Pursuant to the terms of the Collective Bargaining Agreement, Defendant PADILLA CONSTRUCTION is obligated to remit, at specified rates, annuity, voluntary annuity, pension, welfare, training and labor management cooperation trust fund contributions along with dues assessment and defense fund payments based upon each regular or straight and double time hour of work performed by those employees covered by the Collective Bargaining Agreement.

19. Pursuant to the terms of the Collective Bargaining Agreement, all such contributions and payments as identified in paragraph 18, above, are required to be remitted through the purchase of stamps from the Fund Office for Plaintiffs LOCAL 14 TRUST FUNDS.

## AS AND FOR A FIRST CAUSE OF ACTION
### (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

20. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 19 inclusive with the same force and effect as though more fully set forth at length herein.

21. In accordance with the underlying Collective Bargaining Agreement and the Trust Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS, Defendant PADILLA CONSTRUCTION consented to the performance of an audit of its books and records to determine whether said Defendant had made all of the required contribution payments to Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14 in accordance with the Collective Bargaining Agreement for the period of July 1, 2016 through June 30, 2019.

22. That on or about January 7, 2020, the results of said audit were detailed by the auditor for Plaintiffs which determined that Defendant PADILLA CONSTRUCTION had failed to provide the contractually required annuity, voluntary annuity, pension, welfare and training fund contributions with interest, labor management cooperation trust fund contributions, dues assessment and defense fund payments for the period of July 1, 2016 through June 30, 2019 in the amount of $13,808.55.

23. Defendant PADILLA CONSTRUCTION has failed to pay any portion of the outstanding amount owed in annuity, voluntary annuity, pension, welfare and training contributions with interest totaling $12,936.49.

24. Defendant PADILLA CONSTRUCTION has failed to pay any portion of the outstanding amount owed in dues assessment, defense fund and labor management cooperation trust fund payments totaling $872.06.

25. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant PADILLA CONSTRUCTION, said Defendant is liable to Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14, collectively, in the amount of $13,808.55.

### AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

26. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 25 inclusive with the same force and effect as though more fully set forth at length herein.

27. The failure of Defendant PADILLA CONSTRUCTION to make the required annuity, voluntary annuity, pension, welfare and training contribution payments to Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS for the period audited of July 1, 2016 through June 30, 2019 in the amount of $12,936.49 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

28. Defendant PADILLA CONSTRUCTION remains delinquent in making the proper contribution payments and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS as detailed above.

29. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff

Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; (e) auditor's fees, if any; and (f) the costs and disbursements of the action.

30. Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant PADILLA CONSTRUCTION and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendant is liable to Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS in the amount of $12,936.49, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees as well as the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14 demand judgment on the First Cause of Action as against Defendant PADILLA CONSTRUCTION SERVICES, INC., in the amount of annuity, voluntary annuity, pension, welfare and training contributions with interest along with labor management cooperation trust fund contributions, dues assessment and defense fund payments due and owing totaling $13,808.55, together with prejudgment interest thereon.

**WHEREFORE**, Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS demand judgment on the Second Cause of Action as against Defendant PADILLA CONSTRUCTION SERVICES, INC., in the amount of annuity, voluntary annuity, pension, welfare and training contributions with interest due and owing totaling $12,936.49, together with:

1. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount

owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

2. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

3. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

4. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
February 4, 2020

Respectfully submitted,

BRADY McGUIRE & STEINBERG, P.C.

By: /s/ James M. Steinberg

James M. Steinberg, Esq.
Attorneys for Plaintiffs
303 South Broadway, Suite 234
Tarrytown, New York 10591
(914) 478-4293